UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 23-60424-CIV-DIMITROULEAS

LARRY SCIROTTO,

  Plaintiff,

v.

CITY OF FORT LAUDERDALE,
d/b/a Fort Lauderdale Police Department,

  Defendant.
  _____/

## DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT AND INCORPORATED MEMORANDUM OF LAW

Defendant, CITY OF FORT LAUDERDALE ("Defendant"), by and through undersigned counsel, Law Offices of Carmen Rodriguez, P.A., hereby files its Motion to Dismiss Plaintiff's Complaint and Incorporated Memorandum of Law, and in support thereof states as follows:

1. Plaintiff's Complaint ("Complaint") (DE 1) should be dismissed in its entirety because it fails to state a claim upon which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(6).

2. Count III of Plaintiff's Complaint for employment discrimination (retaliation) pursuant to Title VI, 42 U.S.C. § 2000d, should be dismissed with prejudice as Plaintiff cannot establish a basis for Title VI jurisdiction, where he does not allege and cannot establish that the City received federal funding for the "primary purpose" of creating employment. Plaintiff's Title VI claim must be dismissed also because Plaintiff has failed to allege and cannot establish that he engaged in any complaint which would constitute protected activity. Plaintiff merely alleges that he was hired to promote diversity (DE 1, ¶ 120) and that Plaintiff himself was the final decision-

maker for hiring and promotions and he promoted a greater number of white officers than minority officers. (DE 1, ¶¶ 11-12, 122).

3. Count I of Plaintiff's Complaint for Breach of Contract under state law fails where the only alleged "contract" of employment is an Offer Letter (DE 1, Exhibit A), which states clearly at paragraph 1 that Plaintiff is an "At-Will Employee" with no agreed duration of employment. It is Black letter law in Florida that no action for breach of contract can be maintained for employment terminable "at-will."

4. Count II of Plaintiff's Complaint for defamation under state law must be dismissed, as public officials enjoy an absolute privilege from suit for defamation for statements related to the decisions to fire public employees.

5. For these reasons, the Complaint, in its entirety, fails to state a claim upon which relief can be granted and Plaintiff's Complaint should be dismissed with prejudice.

## MEMORANDUM OF LAW

Pursuant to Fed. R. Civ. P. 12(b)(6), a Court should grant a motion to dismiss if the pleadings fail to state a claim upon which relief can be granted. A Rule 12(b)(6) motion to dismiss should be granted where the complaint on its face fails to contain "enough facts to state a claim to relief . . ." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). "The pleading must contain more than labels, conclusions, a threadbare or formulaic recitation of the elements of a cause of action, and naked assertions devoid of further factual enhancement." *Glover v. Dist. of Trs. of Palm Beach State Coll.,* 9:19-CV-80968, 2020 U.S. Dist. LEXIS 104557 (S.D. Fla. Jan. 23, 2020). Where, as here, the allegations are insufficient to state a claim that is plausible on its face, the Complaint must be dismissed. *Id.*

**COUNT III**

Count III of Plaintiff's Complaint alleges a claim for retaliation pursuant to Title VI of the Civil Rights Act. Title VI provides: "No person in the United States shall, on the grounds of race, color, or national origin, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving federal financial assistance." 42 U.S.C. § 2000d. However, Congress made clear that Title VI has very limited application with respect to employment:

> Nothing contained in [Title VI] shall be construed to authorize action under [Title VI] . . . with respect to any employment practice of any employer . . . except where a primary objective of the Federal financial assistance is to provide employment.

42 U.S.C. § 2000d-3.

Therefore, Title VI applies to employment discrimination only if the employer receives the federal financial assistance for the "primary purpose" of providing employment. In other words, the primary purpose of the federal financial assistance is for the purpose of a public works program whose primary objective is to create jobs. *Russell v. Pub. Health Trust of Miami-Dade Cnty.,* No. 08-23442-CIV, 2009 U.S. Dist. LEXIS 34315, 2009 WL 936662, at *6 (S.D. Fla. Apr. 6, 2009) (citing *Jones v. Metropolitan Atlanta Rapid Transit Auth.,* 681 F.2d 1376 (11th Cir. 1982).

The United States Supreme Court has clearly held that the reach of the employment discrimination provision of Title VI must be narrowly construed to effectuate the clear congressional intent that Title VI not "impinge" on Title VII of the Civil Rights of Act of 1964, as amended, 42 U.S.C. § 2000e, et seq. *Johnson v. Transp. Agency,* 480 U.S. 616, 628 n.6 (1987); *Consol. Rail Corp. v. Darrone,* 465 U.S. 624, 632 n.13, 104 S. Ct. 1248, 79 L. Ed. 2d 568 (1984) (noting that it is unnecessary to extend Title VI to generally prohibit employment discrimination,

3

because employment discrimination is comprehensively addressed under Title VII). *Cannon v. Univ. of Chi.,* 441 U.S. 677, 703, 99 S. Ct. 1946, 60 L. Ed. 2d 560 (1979). Thus, alleged discriminatory employment practices can give rise to Title VI liability only when the primary objective of the federal money used for the program or activity is to provide employment. Here, the Complaint does not allege, and Plaintiff cannot establish, that the primary objective of any federal funds provided to the City is for the primary purpose of creating jobs generally; or jobs for the benefit of police officers, as opposed, for example, to the primary objective of ensuring public safety. *Glover v. Dist. of Trs. of Palm Beach State Coll.,* 2020 U.S. Dist. LEXIS 104557 (S.D. Fla. Jan. 23, 2020). *Hui Li v. Univ. of Fla. Bd. of Trs.,* 2015 U.S. Dist. LEXIS 51523 (N.D. Fla. 2015) (citing *Russell v. Pub. Health Trust of Miami-Dade Cnty.,* No. 08-23442-CIV, 2009 U.S. Dist. LEXIS 34315, 2009 WL 936662, at *6 (S.D. Fla. Apr. 6, 2009) (citing *Jones v. Metropolitan Atlanta Rapid Transit Auth.,* 681 F.2d 1376 (11th Cir. 1982)). 42 U.S.C. § 2000d-3 specifies that Title VI action may only accrue where "a primary objective of the federal financial assistance is to provide employment."

In the instant Complaint, Plaintiff does not allege and cannot establish that any federal funds were for the purpose of providing employment, much less that the "primary purpose" of the federal funds was to create jobs for the benefit of police officers. Paragraph 111 of the Complaint merely alleges that the City received "federal grants." At paragraph 112, Plaintiff then alleges that the City budget allocated "government funds" towards additional law enforcement positions. However, the City is a municipal entity that receives taxpayer monies and, thus, has sources of "government funds" independent of federal grants. Plaintiff fails to allege any nexus between the "government funds" referenced in paragraph 112 and the federal grants vaguely referenced in

4

paragraph 111. Moreover, nowhere does the Complaint allege that the federal grants had the primary objective of providing jobs. Thus, where Plaintiff's conclusory statements are devoid of substance, his allegations fail to support any basis for a claim under Title VI. *Hui Li v. Univ. of Fla. Bd. of Trs.,* 2015 U.S. Dist. LEXIS 51523 (N.D. Fla. 2015)

Moreover, Plaintiff's Title VI claim is for alleged retaliation and Plaintiff does not allege and cannot establish that he engaged in any protected activity. The Eleventh Circuit analyzes Title VI retaliation claims under the same framework as Title VII retaliation claims. *McCullough v. Bd. of Regents,* 623 F. App'x 980, 982 (11th Cir. 2015). In order to establish a *prima facie* case of retaliation, Plaintiff must show that:

(1) [he] engaged in statutorily protected expression;

(2) [he] suffered adverse action; and

(3) there was a causal connection between the two events.

*Id. See also Johnson v. Fla. Dep't of Corr.,* 829 F. App'x 889, 892 (11th Cir. 2020) (citing *Chapter 7 Trustee v. Gate Gourmet, Inc.,* 683 F.3d 1249, 1258 (11th Cir. 2012)). To establish the first prong of a *prima facie* case, the plaintiff engages in a protected activity where he, at a minimum, communicated to his employer his belief that discrimination is occurring on the basis of an unlawful employment practice that is at least facially actionable. *See Hargett v. Fla. Atl. Univ. Bd. of Trs.,* 2015 U.S. Dist. LEXIS 191860 at *9 (S.D. Fla. Dec. 15, 2015). Additionally, the individual must show he "had a good faith, reasonable belief that the employer was engaged in unlawful employment practices." *Weeks v. Harden Mfg. Corp.,* 291 F.3d 1307, 1311 (11th Cir. 2002); *Hawkins v. Holy Family Cristo Rey Catholic High Sch.,* 2018 U.S. Dist. LEXIS 204879 *12 (N.D. Ala. 2018). Here, Plaintiff does not allege and cannot establish that he complained about any

5

employment action. To the contrary, Plaintiff alleges that he was hired to promote diversity (¶ 120). Moreover, Plaintiff alleges that he was the final decisionmaker as to promotion decisions within the police department (¶¶ 11-12) and that, based on his assessment of qualifications, he himself promoted more white male police officers than minorities police officers in his tenure as police chief (¶ 121). Plaintiff has failed to allege, and on the alleged facts he cannot establish, that he engaged in any protected activity. Title VI claim in Count III of Plaintiff's Complaint must be dismissed with prejudice.

## **COUNT I**

Count I of Plaintiff's Complaint is a state law claim for breach of contract of employment. The alleged "contract" on which the claim is based is an "Offer Letter" (DE 1, Exhibit A) outlining the terms and conditions of the offer of employment for the position of Police Chief with the City of Fort Lauderdale Police Department. The Offer Letter does not create a contract entitling Plaintiff to continued employment where it specifically states at paragraph one that the Plaintiff is an "At-Will Employee" and provides for no stated duration. Under well-established Florida law, there is no breach of contract claim on an offer letter which does not provide for a definite term of employment and is terminable "at-will." *Savannah, F. & W. Ry. V. Willett*, 31 So. 246 (1901) (no action may be maintained for the breach of an employment contract terminable at-will); *Demarco v. Publix Super Markets, Inc.*, 360 So. 2d 134 (Fla. 3d DCA 1978), *aff'd*, 384 So. 2d 1253 (Fla. 1980); *Liff v. City of Cocoa*, 745 So. 2d 441 (Fla. 5th DCA 1999) (former police chief could not maintain action for breach of employment contract where offer letter stated that he was an at-will employee); *Wiggins v. Southern Mgmt. Corp.* 629 So. 2d 1022 (Fla. 4th DCA 1993); *Ross v. Twenty-Four Collection, Inc.* 617 So. 2d 428 (Fla. 3d DCA 1993).

Accordingly, Plaintiff's breach of contract claim, in Count I, must be dismissed with prejudice.

## **COUNT II**

The City is immune from Plaintiff's defamation claim in Count II, as statements made by City officials are protected by Florida's absolute privilege for public officials. Determining whether alleged defamatory statements are absolutely privileged is a question of law to be decided by the court. *Resha v. Tucker*, 670 So. 2d 56, 59 (Fla. 1996). Plaintiff claims "CITY, by and through its agents, falsely stated to various media outlets that Plaintiff was terminated as FLPD's Chief of Police for engaging in discriminatory hiring/promotional practices . . ." DE 1, ¶ 96.

However, as the Fourth District Court of Appeal has pointed out,

> [t]he public interest requires that statements made by officials of all branches of government in connection with their official duties be absolutely privileged. Under our democratic system the stewardship of public officials is daily observed by the public. It is necessary that free and open explanations of their actions be made.

*Cobb's Auto Sales, Inc v. Melvin Coleman*, 353 So. 2d 922 (Fla. 4th DCA 1978) (quoting *Hauser v. Urchisin*, 231 So. 2d 6, 8 (Fla. 1970)). It is well settled that "Florida law affords executive officials, including sheriffs, as well as officers, an absolute privilege for statements made within the scope of their duties," regardless of "whether the official's communications were intentional or negligent." *Blair v. Martin County Sheriff's Dep't*, No. 92-14107-CIV, 1993 U.S. Dist. LEXIS 21742 (S.D. Fla. Mar. 1, 1993) (citations omitted); *The City of Miami v. Wardlow*, 403 So. 2d 414, 415-16 (Fla. 1981) (finding that "[i]t has long been clear that a high-ranking officer of the executive branch of the national government, in explaining to the public the reasons for a decision or policy, enjoys absolute immunity from suit for libel"); *Crowder v. Barbati*, 987 So. 2d 166,

7

167-168 (Fla. 4th DCA 2008); *Densmore v. City of Boca Raton*, 368 So. 2d 945 (Fla. 4th DCA 1979) (city manager enjoyed absolute privilege in disclosing a letter containing the reasons for discharge of a public employee); *Stephens v. Geoghegan*, 702 So. 2d 517, 523 (Fla. 2d DCA 1997) (finding that "[a]bsolute immunity for public officials faced with accusations of defamation applies when statements are made to media"); *Stewart v. Sun Sentinel Co.*, 695 So. 2d 360, 362 (Fla. 4th DCA 1997) (finding that sheriff's officers who gave public statements concerning jail inmate beatings by corrections officers were protected by Florida's absolute privilege in a defamation action).

Based on the allegations of Plaintiff's Complaint (DE 1 ¶ 96), it is abundantly clear that the alleged statements constituted an explanation as to the reasons for Plaintiff's separation from employment and fall squarely within the absolute privilege afforded to public officials.

Accordingly, Plaintiff's defamation claim in Count II must be dismissed with prejudice.

WHEREFORE, Defendant respectfully requests that the Court dismiss the Complaint in its entirety, with prejudice, enter final judgment in Defendant's favor, and award Defendant fees and costs and such other relief as the Court deems appropriate.

Dated: April 27, 2023                               Respectfully submitted,

                                                    s/ Carmen Rodriguez
                                                    Carmen Rodriguez, Esq. (FBN 710385)
                                                    Email: crpa@crlaborlawfirm.com
                                                    Law Offices of Carmen Rodriguez, P.A.
                                                    15715 S. Dixie Highway, Suite 411
                                                    Palmetto Bay, Florida 33157-1884
                                                    Telephone: (305) 254-6101
                                                    Facsimile: (305) 254-6048
                                                    Attorneys for Defendant