UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 23-60424-CIV-DIMITROULEAS

LARRY SCIROTTO,

    Plaintiff,

v.

CITY OF FORT LAUDERDALE,
d/b/a Fort Lauderdale Police Department,

    Defendant.
_____/

## DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT AND INCORPORATED MEMORANDUM OF LAW

Defendant, CITY OF FORT LAUDERDALE ("Defendant"), by and through undersigned counsel, Law Offices of Carmen Rodriguez, P.A., hereby files its Motion to Dismiss Plaintiff's Amended Complaint and Incorporated Memorandum of Law, and in support thereof states as follows:

1. Plaintiff's Amended Complaint ("Amended Complaint") should be dismissed in its entirety because it fails to state a claim upon which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(6).

2. Count I of Plaintiff's Amended Complaint for Breach of Contract under state law fails where the only alleged "contract" of employment is an offer letter (DE 18, Exhibit A), which states clearly at paragraph 1 that Plaintiff is an "At-Will Employee" with no agreed duration of employment. It is Black letter law in Florida that no action for breach of contract can be maintained for employment terminable "at-will."

3.       Count II of Plaintiff's Amended Complaint for defamation under state law must be dismissed, as public officials enjoy an absolute privilege from suit for defamation for alleged statements related to the decisions to fire public employees. As to statements allegedly made by persons outside of the scope of their employment with City, the City is not liable as a matter of law.

4.       Count III of Plaintiff's Amended Complaint for employment discrimination (retaliation) pursuant to Title VI, 42 U.S.C. § 2000d, should be dismissed as Plaintiff cannot establish a basis for Title VI jurisdiction, where he does not allege and cannot establish that the City received federal funding for the "primary purpose" of creating employment and where his allegation is a mere conclusory statement that is devoid of factual support. Plaintiff's Title VI claim must be dismissed also because Plaintiff has failed to allege and cannot establish that he engaged in any complaint which would constitute protected activity. Plaintiff merely alleges that he was hired to promote diversity. (DE 18, ¶ 131.) Plaintiff himself was the final decision-maker for hiring and promotions and he promoted a greater number of white officers than minority officers. (DE 18, ¶¶ 11-12, 132.)

5.       For the reasons stated herein, the Amended Complaint, in its entirety, fails to state a claim upon which relief can be granted and Plaintiff's Amended Complaint should be dismissed with prejudice.

## **MEMORANDUM OF LAW**

Pursuant to Fed. R. Civ. P. 12(b)(6), a Court should grant a motion to dismiss if the pleadings fail to state a claim upon which relief can be granted. A Rule 12(b)(6) motion to dismiss should be granted where the complaint on its face fails to contain "enough facts to state a claim to

relief . . ." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). "The pleading must contain more than labels, conclusions, a threadbare or formulaic recitation of the elements of a cause of action, and naked assertions devoid of further factual enhancement." *Glover v. Dist. of Trs. of Palm Beach State Coll.*, 9:19-CV-80968, 2020 U.S. Dist. LEXIS 104557 (S.D. Fla. Jan. 23, 2020). Where, as here, the allegations are insufficient to state a claim that is plausible on its face, the Amended Complaint must be dismissed. *Id.*

### COUNT I

Count I of Plaintiff's Amended Complaint is a state law claim for breach of contract of employment. The alleged "contract" on which the claim is based is an "offer of employment", (DE 18, ¶ 51, Exh. A), outlining the terms and conditions of the offer for the position of Police Chief with the City of Fort Lauderdale Police Department. The offer letter does not create a contract entitling Plaintiff to continued employment where it specifically states at paragraph one that the Plaintiff is an "At-Will Employee" and provides for no stated duration. Under well-established Florida law, there is no breach of contract claim on an offer letter which does not provide for a definite term of employment and is terminable "at-will." *Savannah, F. & W. Ry. V. Willett*, 31 So. 246 (1901) (holding that no action may be maintained for the breach of an employment contract terminable at-will); *Demarco v. Publix Super Markets, Inc.,* 360 So. 2d 134 (Fla. 3d DCA 1978), *aff'd*, 384 So. 2d 1253 (Fla. 1980); *Liff v. City of Cocoa,* 745 So. 2d 441 (Fla. 5th DCA 1999) (former police chief could not maintain action for breach of employment contract where offer letter stated that he was an at-will employee); *Wiggins v. Southern Mgmt. Corp.*, 629 So. 2d 1022 (Fla. 4th DCA 1993); *Ross v. Twenty-Four Collection, Inc.*, 617 So. 2d 428 (Fla. 3d DCA 1993).

In Plaintiff's Response to Defendant's Motion to Dismiss Plaintiff's original Complaint,

Plaintiff summarily claimed that "CITY may not raise the 'at-will employee' defense to [Plaintiff's] breach of contract claim since CITY terminated [Plaintiff] for reasons prohibited by law." (DE 16, p. 4.) However, Plaintiff misconstrued the authority he cited. None of the cases Plaintiff cites support the proposition that a breach of contract claim will lie where there is an at-will employment agreement. *See Laguerre v. Palm Beach Newspapers, Inc*., 20 So. 3d 392 (Fla. 4th DCA 2009) (affirming summary judgment in favor of employer on a claim under section 440.102, Florida Statutes (2006)); *Leonardi v. City of Hollywood*, 715 So. 2d 1007, 1009 (Fla. 4th DCA 1998) (reliance on a promise that consisted of at-will employment is unreasonable as a matter of law as such a promise created no enforceable rights on a claim for promissory estoppel); *Davidson v. Iona-McGregor Fire Protection and Rescue Dist*., 674 So. 2d 858, 861 (Fla. 2d DCA 1996) (remanding to determine whether obesity is a disability where employee sued for discrimination in violation of the Florida Human Rights Act). In fact, "Florida has no exception even where termination is founded on an employee's exercise of constitutional rights" and one "must rely on statutory causes of action created by the Legislature." *Bruley v. Vill. Green Mgmt. Co*., 592 F. Supp. 2d 1381, 1385 (M.D. Fla. 2008) (no claim for wrongful discharge exists where the employee was "at-will").

Thus, where, as here, employment is terminable at-will, a cause of action would lie only in a statutory cause of action, if any, and not in a breach of contract claim. *See Yarcheski v. Keiser Sch., Inc*., 508 F. App'x 916 (11th Cir. 2013) (affirming the district court's dismissal of a claim for breach of contract); *Kefeenie v. Gloria Martin Tr*., No. 17-24346-CIV, 2018 U.S. Dist. LEXIS 153706 (S.D. Fla. Sep. 10, 2018) (granting summary judgment in favor of the defendant on a breach of lifetime contract claim).

Accordingly, Plaintiff's breach of contract claim, in Count I, must be dismissed with prejudice.

**COUNT II**

Plaintiff's original Complaint included a count for defamation predicated on alleged statements made by City officials to the media in the scope of their employment explaining the basis for Plaintiff's separation. After Defendant filed its Motion to Dismiss, Plaintiff has now amended his defamation count to add allegations of statements alleged made by persons acting outside the course of their employment. Based on well-established law, the City has an absolute privilege as to the alleged statements made by city officials in the course of employment and the City is not liable for statements allegedly made outside the course of employment.

As to statements about Plaintiff's separation from employment allegedly made by City officials acting in the course of their employment, the City is immune from Plaintiff's defamation claim in Count II, as statements made by City officials who are acting within the scope of their employment are protected by Florida's absolute privilege for public officials. Determining whether alleged defamatory statements are absolutely privileged is a question of law to be decided by the court. *Resha v. Tucker,* 670 So. 2d 56, 59 (Fla. 1996). Plaintiff claims "CITY, by and through its agents, falsely stated to various media outlets that Plaintiff was terminated as FLPD's Chief of Police for engaging in discriminatory hiring/promotional practices . . ." (DE 18, ¶ 104.)

However, as the Fourth District Court of Appeal has pointed out,

> [t]he public interest requires that statements made by officials of all branches of government in connection with their official duties be absolutely privileged. Under our democratic system the stewardship

5

> of public officials is daily observed by the public. It is necessary that free and open explanations of their actions be made.

*Cobb's Auto Sales, Inc v. Melvin Coleman,* 353 So. 2d 922 (Fla. 4th DCA 1978) (quoting *Hauser v. Urchisin,* 231 So. 2d 6, 8 (Fla. 1970)). It is well settled that Florida law affords officials an absolute privilege for statements made within the scope of their duties, regardless of "whether the official's communications were intentional or negligent." *Blair v. Martin County Sheriff's Dep't,* No. 92-14107-CIV, 1993 U.S. Dist. LEXIS 21742 (S.D. Fla. Mar. 1, 1993) (citations omitted); *The City of Miami v. Wardlow,* 403 So. 2d 414, 415-16 (Fla. 1981); *Crowder v. Barbati,* 987 So. 2d 166, 167-68 (Fla. 4th DCA 2008); *Stewart v. Sun Sentinel Co.,* 695 So. 2d 360, 362 (Fla. 4th DCA 1997) (finding that sheriff's officers who gave public statements concerning jail inmate beatings by corrections officers were protected by Florida's absolute privilege in a defamation action); *Densmore v. City of Boca Raton,* 368 So. 2d 945 (Fla. 4th DCA 1979) (finding city manager enjoyed absolute privilege in disclosing a letter containing the reasons for discharge of a public employee); *Stephens v. Geoghegan,* 702 So. 2d 517, 523 (Fla. 2d DCA 1997) ("[a]bsolute immunity for public officials faced with accusations of defamation applies when statements are made to media."). Based on the allegations of Plaintiff's Amended Complaint (DE 18, ¶¶ 103, 104), it is abundantly clear that the alleged statements explaining the reasons for Plaintiff's separation from employment fall squarely within the absolute privilege afforded to public officials.

Plaintiff amended Count II to now allege defamatory statements by then City Auditor Mr. Herbst while allegedly "acting outside the scope of his employment." (DE 18, ¶¶ 81, 83, 87-88, 106.) However, § 768.28(9)(a), Fla. Stat. (2022) is clear that, "[t]he state or its subdivisions are not liable in tort for the acts or omissions of an officer, employee, or agent committed while acting outside the course and scope of her or his employment." *See Kamenesh v. Miami*, 772 F. Supp.

6

583, 595 n.17 (S.D. Fla. 1991) ("[B]ecause the only actionable defamation remaining for Plaintiff arises from conduct occurring outside the scope of a state employee's official duties, the City is relieved of liability by operation of Florida Statutes § 768.28(9)(a) and shall be dismissed …."). As Count II unequivocally alleges that the City Auditor acted outside the scope of his employment as to alleged statements relating to Plaintiff, the claim against the City relating to statements by the City Auditor, irrespective of their truth, must also be dismissed.

Accordingly, Plaintiff's defamation claim in Count II must be dismissed with prejudice.

**COUNT III**

Count III of Plaintiff's Amended Complaint alleges a claim for retaliation pursuant to Title VI of the Civil Rights Act. Title VI provides: "No person in the United States shall, on the grounds of race, color, or national origin, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving federal financial assistance." 42 U.S.C. § 2000d. However, Congress made clear that Title VI has very limited application with respect to employment:

> Nothing contained in [Title VI] shall be construed to authorize action under [Title VI] . . . with respect to any employment practice of any employer . . . except where a primary objective of the Federal financial assistance is to provide employment.

42 U.S.C. § 2000d-3.

Title VI applies to employment discrimination only if the employer receives the federal financial assistance for the "primary purpose" of providing employment. In other words, the primary purpose of the federal financial assistance is for the purpose of a public works program whose primary objective is to <u>create</u> jobs. *Russell v. Pub. Health Trust of Miami-Dade Cnty.*, No. 08-23442-CIV, 2009 U.S. Dist. LEXIS 34315, 2009 WL 936662, at *6 (S.D. Fla. Apr. 6, 2009)

7

(citing *Jones v. Metropolitan Atlanta Rapid Transit Auth.,* 681 F. 2d 1376 (11th Cir. 1982)). In fact, the United States Supreme Court has clearly held that the reach of the employment discrimination provision of Title VI must be narrowly construed to effectuate the clear congressional intent that Title VI not "impinge" on Title VII of the Civil Rights of Act of 1964, as amended, 42 U.S.C. § 2000e, et seq. *Johnson v. Transp. Agency,* 480 U.S. 616, 628 n.6 (1987); *Consol. Rail Corp. v. Darrone,* 465 U.S. 624, 632 n.13, 104 S. Ct. 1248, 79 L. Ed. 2d 568 (1984) (noting that it is unnecessary to extend Title VI to generally prohibit employment discrimination, because employment discrimination is comprehensively addressed under Title VII); *Cannon v. Univ. of Chi.,* 441 U.S. 677, 703, 99 S. Ct. 1946, 60 L. Ed. 2d 560 (1979).

Thus, to sufficiently allege a private right of action to enforce Title VI, the complaint must provide factual support showing that the defendant received federal funding for the primary purpose of creating jobs within the community. *Hui Li v. Univ. of Fla. Bd. of Trs.*, No. 1:14-cv-236-RS-GRJ, 2015 U.S. Dist. LEXIS 51523, at *13 (N.D. Fla. Apr. 20, 2015). The court in *Hui Li* dismissed the plaintiff's Title VI claim for failure to state a claim as it consisted of conclusory statements devoid of substance that failed to state the factual support needed. The court found that the allegations were mere "labels and conclusions, and a formulaic recitation of the elements of a cause of action". *Id*. at 14. Indeed, where the plaintiff failed to provide any facts to support that the primary purpose of the federal funding was to provide employment, the court found the Title VI claim failed as a matter of law and dismissal was warranted. *See also Mayfield v. Hart Cty. Sch. Dist.*, No. 3:04-CV-09 (CDL), 2006 U.S. Dist. LEXIS 42124, at *25 (M.D. Ga. June 9, 2006); *Reynolds v. Sch. Dist. No. 1*, 69 F. 3d 1523, 1531 (10th Cir. 1995) (finding the plaintiff had not carried the burden of proof on her Title VI claim where she offered no evidence that the federal

funds were for the primary objective of providing employment, as she did not show that the federal grant received was intended primarily to provide employment and not simply to fund various school programs or enrichment activities).

In the instant Amended Complaint, Plaintiff cannot establish that the primary objective of any federal funds provided to the City was for the primary purpose of creating jobs generally; or jobs for the benefit of police officers; as opposed, for example, to the primary objective of ensuring public safety. *Glover*, 2020 U.S. Dist. LEXIS 104557 (S.D. Fla. Jan. 23, 2020); *Hui Li,* 2015 U.S. Dist. LEXIS 51523 (citing *Russell v. Pub. Health Trust of Miami-Dade Cnty.,* No. 08-23442-CIV, 2009 U.S. Dist. LEXIS 34315, 2009 WL 936662, at *6 (S.D. Fla. Apr. 6, 2009) (citing *Jones v. Metropolitan Atlanta Rapid Transit Auth.,* 681 F. 2d 1376 (11th Cir. 1982)). Just like the plaintiff in *Hui Li* who offered conclusory allegations that the "[d]efendant receives federal funding assistance as well as state funding for the purposes of employment" and "[c]learly, the primary purpose of the funding is for employment and research purposes," Here, Plaintiff merely alleges the formulaic recitation, without any support, that "[u]pon information and belief, a portion of the $20,000,000.00 federal financial assistance received by CITY between 2021 and 2022 was for the primary objective of providing employment to the CITY." (DE 18, ¶ 123). Similarly, like the plaintiff's Title VI claim in *Mayfield*, which failed as a matter of law for insufficient allegations as to the primary purpose of the federal funding, Plaintiff's Title VI claim fails as a matter of law as Plaintiff has provided no support to the conclusory allegation that a "portion" of the federal funds were for the primary purpose of providing employment to the City. *See Mayfield*, 2006 U.S. Dist. LEXIS 42124, at *25.

In fact, paragraph 121 of the Amended Complaint merely alleges that the City received "federal grants." At paragraph 122, Plaintiff then alleges that the City budget allocated "government funds" towards additional law enforcement positions. However, the City is a municipal entity that receives taxpayer monies and, thus, has sources of "government funds" independent of federal grants. Plaintiff fails to allege any nexus between the "government funds" referenced in paragraph 122 and the federal grants vaguely referenced in paragraph 121. Moreover, Plaintiff's allegation in paragraph 123 concluding "[u]pon information and belief" that a "portion" of the funds was for the primary objective of providing employment is a mere recitation of the elements of a Title VI cause of action. Thus, where Plaintiff's conclusory statements are devoid of substance, his allegations fail to support any basis for a claim under Title VI. *Hui Li,* 2015 U.S. Dist. LEXIS 51523.

Moreover, Plaintiff's Title VI claim is for alleged retaliation and Plaintiff does not allege and cannot establish that he engaged in any protected activity. The Eleventh Circuit analyzes Title VI retaliation claims under the same framework as Title VII retaliation claims. *McCullough v. Bd. of Regents,* 623 F. App'x 980, 982 (11th Cir. 2015). In order to establish a *prima facie* case of retaliation, Plaintiff must show that:

(1)     [he] engaged in statutorily protected expression;

(2)     [he] suffered adverse action; and

(3)     there was a causal connection between the two events.

*Id. See also Johnson v. Fla. Dep't of Corr.,* 829 F. App'x 889, 892 (11th Cir. 2020) (citing *Chapter 7 Trustee v. Gate Gourmet, Inc.,* 683 F.3d 1249, 1258 (11th Cir. 2012)). To establish the first prong of a *prima facie* case, the plaintiff engages in a protected activity where he, at a minimum,

communicated to his employer his belief that discrimination is occurring on the basis of an unlawful employment practice that is at least facially actionable. *See Hargett v. Fla. Atl. Univ. Bd. of Trs.,* 2015 U.S. Dist. LEXIS 191860, at *9 (S.D. Fla. Dec. 15, 2015). Additionally, the individual must show he "had a good faith, reasonable belief that the employer was engaged in unlawful employment practices." *Weeks v. Harden Mfg. Corp.,* 291 F. 3d 1307, 1311 (11th Cir. 2002); *Hawkins v. Holy Family Cristo Rey Catholic High Sch.,* 2018 U.S. Dist. LEXIS 204879 at *12 (N.D. Ala. 2018). Here, Plaintiff does not allege and cannot establish that he complained about any employment action. To the contrary, Plaintiff alleges that he was hired to promote diversity. (DE 18, ¶ 131.) Moreover, Plaintiff alleges that he was the final decisionmaker as to promotion decisions within the police department, (DE 18, ¶¶ 11-12), and that, based on his assessment of qualifications, he himself promoted more white male police officers than minority police officers in his tenure as police chief, (DE 18, ¶ 132). Plaintiff has failed to allege, and on the alleged facts he cannot establish, that he engaged in any protected activity. For the reasons stated herein, the Title VI claim in Count III of Plaintiff's Amended Complaint must be dismissed with prejudice.

WHEREFORE, Defendant respectfully requests that the Court dismiss the Amended Complaint in its entirety, with prejudice, enter final judgment in Defendant's favor, and award Defendant fees and costs and such other relief as the Court deems appropriate.

Dated: June 27, 2023

Respectfully submitted,

s/ Carmen Rodriguez
Carmen Rodriguez, Esq. (FBN 710385)
Email:   crpa@crlaborlawfirm.com
Law Offices of Carmen Rodriguez, P.A.
15715 S. Dixie Highway, Suite 411
Palmetto Bay, Florida 33157-1884
Telephone: (305) 254-6101
Facsimile: (305) 254-6048
Attorneys for Defendant