**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO.: 23-60424-CIV-DIMITROULEAS**

LARRY SCIROTTO,

    Plaintiff,

v.

CITY OF FORT LAUDERDALE,
Doing business as Fort Lauderdale
Police Department,

    Defendant.

_____/

**DEFENDANT'S REPLY MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT**

Defendant, CITY OF FORT LAUDERDALE ("Defendant or City"), by and through undersigned counsel, Law Offices of Carmen Rodriguez, P.A., hereby files its Reply in Support of Defendant's Motion to Dismiss Plaintiff's Amended Complaint (DE 20), and in support thereof states as follows:

**MEMORANDUM OF LAW**

**COUNT I - BREACH OF CONTRACT**

The law with respect to the at-will employment doctrine is well entrenched in the State of Florida. It is clear that no action may be maintained for breach of an employment contract where employment is at-will. *See Laguerre v. Palm Beach Newspapers, Inc*., 20 So. 3d 392, 395 (Fla. 4th DCA 2009); *Bruley v. Vill. Green Mgmt. Co*., 592 F. Supp. 2d 1381, 1384-85 (M.D. Fla. 2008). The foundation of the applicable employment law cases is built on the "at-will employment"

doctrine and Plaintiff failed to cite any cases where the court allowed a breach of contract claim to proceed where the employee was at-will.

Plaintiff alleges in their Response that Defendant may not raise the at-will employment defense to the breach of contract claim because Plaintiff was terminated for reasons prohibited by statute. (DE 22, p. 7.) In support of their contention, Plaintiff cites to *Laguerre* and *Davidson v. Iona-McGregor Fire Prot. & Rescue Dist.*, 674 So. 2d 858 (Fla. 2d DCA 1996), to argue that there are exceptions to the black letter law. (DE 22, p. 5.) However, the causes of action in *Laguerre* and *Davidson* did not include a breach of contract claim and instead, involved only the statutory cause of action. The principle being that at-will employment is not a defense to the statutory claim.[1] Plaintiff cannot refute the well-established rule, cited by the court in *Laguerre*, that where an employment contract is at-will, no action may be maintained for breach of contract. *Laguerre*, 20 So. 3d at 395.

Additionally, Plaintiff alleges that Defendant conflated the holding in *Yarcheski v. Keiser Sch., Inc.*, 508 F. App'x 916 (11th Cir. 2013). However, *Yarcheski* makes clear that under Florida law, an at-will employment agreement cannot support a breach of contract action. *See Id.* at 917 ("Thus, we agree with the district court that under Florida law, the agreement is one for at-will employment which cannot support a breach of contract action.") Just like the plaintiff in *Yarcheski*, whose allegation for breach of contract was separate from its claim for breach of Florida's Private Whistleblower Act, (DE 22, p. 6), Plaintiff has brought two separate claims – one for breach of contract and one for Title VI; further lending support that Plaintiff's breach of contract claim shall not lie just as the claim in *Yarcheski*.

---

[1] Notably, Defendant has not asserted at-will status as a defense to Count III under Title VI.

Similarly, Plaintiff's effort to distinguish *Bruley* is without merit. *Bruley* clearly supports that a claim for breach of contract may not be maintained for breach of an employment contract terminable at-will. *See Bruley*, 592 F. Supp. 2d at 1384-85. Here, Plaintiff attaches and incorporates in his Amended Complaint his offer letter for at-will employment.

Accordingly, Plaintiff's breach of contract claim, in Count I, must be dismissed with prejudice.

**COUNT II - DEFAMATION**

In the Amended Complaint, Plaintiff includes a count for defamation predicated on two allegations: (1) alleged statements made by City officials to the media in the scope of their employment explaining the basis for Plaintiff's separation, and (2) statements allegedly made by the City Auditor acting outside of the scope of his employment. Defendant moved to dismiss Count II as to both allegations. In the Response, Plaintiff addresses only the alleged statements made by the City Auditor acting outside of the scope of his employment. Accordingly, Plaintiff does not dispute that the City has an absolute privilege as to the alleged statements made by City officials in the scope of their employment, consistent with the applicable law.

As to alleged statements by the City Auditor, Plaintiff's Response is utterly unresponsive and fails to cite any authority reflecting that a municipality may be liable for the actions of an employee who is acting outside of the scope of his or her employment, as alleged. Fla. Stat § 768.28(9)(a) and relevant case law make clear that Defendant cannot be held liable for the alleged statements made by employees acting outside the scope of employment. Plaintiff's Amended Complaint clearly alleges that Mr. Herbst acted outside the scope of employment as to the alleged statements which are the basis of the count. (DE 18, ¶ 87-88, 106.) Indeed, Plaintiff's Response repeats that the City should be liable for the alleged statements made by Mr. Herbst as they were

3

made outside the scope of his employment with the City. (DE 22, p. 8-10.) This contention is in direct contravention of Fla. Stat. § 768.28(9)(a) and the applicable law cited in Defendant's Motion. Plaintiff's assertions are without any legal authority whatsoever. The court in *Kamenesh v. Miami*, 772 F. Supp. 583 (S.D. Fla. 1991) applied the statute in holding that the City of Miami was not liable as the only actionable defamation remaining for the plaintiff arose from conduct occurring outside the scope of state employee's employment. *See Id.* at 595 n. 17. Plaintiff alleges that the alleged statements were "outside the scope of his authorized duties" and restates the same allegation in the Response, as cited above. Accordingly, Plaintiff's defamation claim, squarely predicated on statements alleged to be outside the scope of employment, must be dismissed as squarely within the protection afforded by Fla. Stat. § 768.28(9)(a) and consistent with the applicable law.

Again without citing to any legal authority, Plaintiff then goes on to conclude that Fla. Stat. § 768.28(9)(a), which asserts that "[t]he state or its subdivisions are not liable for the acts or omissions of an . . . employee . . . committed while acting outside the course and scope of her or his employment", is unavailing because Mr. Herbst allegedly "represented" that he was acting on Defendant's behalf at the time of the alleged defamation. The point of the statute and applicable authority is that the employee does not determine what is or is not within the scope of his authority. Irrespective of any alleged "representation," based on the plain allegations in Plaintiff's Amended Complaint, (DE 18, ¶¶ 81, 83, 87-88, 106), which are then repeated in his Response, (DE 22, p. 8-10), it is clear that Defendant cannot be liable.

Accordingly, Plaintiff's defamation claim in Count II must be dismissed in its entirety with prejudice.

**COUNT III - VIOLATION OF TITLE VI OF THE CIVIL RIGHTS ACT**

Notwithstanding Plaintiff's reliance on mere assertions and conclusory allegations, the Eleventh Circuit clearly instructs that a threshold requirement to raise a Title VI claim against an employer is that not only must the employer receive federal funding, the federal funding received must be for the primary purpose of providing employment. *Russell v. Pub. Health Trust of Miami-Dade Cnty.*, No. 08-23442-CIV, 2009 U.S. Dist. LEXIS 34315, 2009 WL 936662, at *6 (S.D. Fla. Apr. 6, 2009) (citing *Jones v. Metropolitan Atlanta Rapid Transit Auth.*, 681 F. 2d 1376 (11th Cir. 1982)). Further, "'[t]hreadbare recitals of the elements of a cause of action, supported by conclusory statements' . . . "do not contain enough factual support to 'plausibly suggest' that [an employer] receives federal funding to survive a motion to dismiss." *Hui Li v. Univ. of Fla. Bd. of Trs.*, No. 1:14-cv-236-RS-GRJ, 2015 U.S. Dist. LEXIS 51523, at *14-15 (N.D. Fla. Apr. 20, 2015) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 1965, 167 L. Ed. 2d 929 (2007)).

In the Response, Plaintiff attempts to distinguish from *Hui Li v. Univ. of Fla. Bd. of Trs.*, No. 1:14-cv-236-RS-GRJ, 2015 U.S. Dist. LEXIS 51523 (N.D. Fla. Apr. 20, 2015) by arguing that he cited to the City's receipt of federal funding and the City's budget allocating government revenues to new positions. (DE 22, p. 12.) However, Plaintiff's allegations have the material disconnect, as Plaintiff has no facts to support that there was any federal funding <u>for</u> the primary purpose of jobs. Just like the plaintiff in *Hui Li* whose relevant allegation merely stated that the primary purpose is for employment and research purposes, the relevant allegation here, also merely states "[u]pon information and belief, a portion of the . . . federal financial assistance received by the CITY between 2021 and 2022 was for the primary objective of providing employment to the CITY." The court in *Hui Li* granted the defendant's motion to dismiss finding that the plaintiff

5

lacked any factual support to back its allegation. *See Id*. at *14. As detailed below, Plaintiff too does not address the lack of any factual support behind its allegation that the City receives federal funding <u>for</u> the primary purpose of providing employment. (DE 22, p. 12.)

Plaintiff misconstrues *Glover v. Dist. of Trs. of Palm Beach State Coll*., 9:19-CV-80968, 2020 U.S. Dist. LEXIS 104557 (S.D. Fla. Jan. 23, 2020) to claim that it is sufficient to merely state "on information and belief". The court there addressed whether it is necessary to allege that the primary purpose of federal financial assistance is to provide employment for the specific position at issue, as opposed to providing employment generally. *Id*. at *6. The court in *Glover's* ruling focused on the issue of pleading federal funding for the specific job versus for the purpose of jobs in general when holding that it is sufficient to allege "upon information and belief," the defendant received federal funding 'provided for the primary purpose of employing faculty and staff to teach courses and implement programs.'" *Id*. at *5-6.

The pertinent issue here, unlike the issue in *Glover*, is that Plaintiff has failed to sufficiently allege that the City received federal funding <u>for</u> the primary purpose of creating any jobs. In the Response, Plaintiff contends that the City has received federal funding <u>and</u> used government funding to create new jobs. Although Plaintiff cites to the Adopted Budgets for 2022 and 2023 to allege that $291,820.00 of government funds went towards new positions, Defendant has sources of funds other than federal funding, including property tax revenues. The issue is not whether the City spent its money on a few new positions in the police department, but specifically whether the City was provided <u>federal funds for the purpose</u> of creating jobs.

In addition to failing to establish a basis for Title VI jurisdiction, Plaintiff does not dispute that his Title VI claim requires that he establish that he engaged in protected activity covered under the Act. As acknowledged by Plaintiff in his Response, (DE 22, p. 13), in order to establish a *prima*

6

*facie case*, the plaintiff must show that he opposed an unlawful employment practice that he reasonably and in good faith believed violated Title VI. *See Weeks v. Harden Mfg. Corp.*, 291 F. 3d 1307, 1311 (11th Cir. 2002); *Hawkins v. Holy Family Cristo Rey Catholic High Sch.*, 2018 U.S. Dist. LEXIS 204879 at *12 (N.D. Ala. 2018). However, Plaintiff failed to allege any unlawful employment practice conducted by the City, or any that he opposed. Quite the contrary, Plaintiff alleges that he was hired and encouraged to promote diversity within the police department, (DE 18 ¶ 131); that he was the final decision maker for promotion decisions, (DE 18 ¶ 11-12); that City management approved of Plaintiff's hiring/promotional goals and determined that the persons that Plaintiff had selected for promotion were qualified, (DE 18, ¶ 61-62, 74); and that, in his discretion, he promoted more white candidates than minority candidates. (DE 18 ¶ 57.) Plaintiff does not identify a single alleged unlawful employment practice by City, much less a practice that he opposed, that was the predicate for his termination.

In an effort to save his failed claim, Plaintiff argues contrary to the very allegations of his Amended Complaint. Plaintiff argues that Defendant disapproved of his promotion decisions. (DE 22, p. 13.) However, Plaintiff's Amended Complaint alleges repeatedly that the City sought to promote diversity and found that persons that Plaintiff had selected for promotion were qualified. (DE 18, ¶ 61-62, 74.) Indeed, Plaintiff fails to allege that there were any discriminatory practices in place and fails to allege that he opposed any practice of Defendant; therefore, he has failed to alleged and cannot establish that he engaged in any protected activity. Accordingly, Plaintiff's Title VI claim in Count III of the Amended Complaint must be dismissed with prejudice.

|  |  |
|---|---|
| Dated: July 17, 2023 | Respectfully submitted,<br><br>s/ Carmen Rodriguez<br>Carmen Rodriguez, Esq. (FBN 710385)<br>Email:  crpa@crlaborlawfirm.com<br>Law Offices of Carmen Rodriguez, P.A.<br>15715 S. Dixie Highway, Suite 411<br>Palmetto Bay, Florida 33157-1884<br>Telephone:  (305) 254-6101<br>Facsimile:   (305) 254-6048<br>Attorneys for Defendant |